# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| GARY M. ROMANCHUK,<br>　　　　Plaintiff,<br>　vs.<br>BD. OF TRS. OF THE SOUTHERN CALIFORNIA UNITED FOOD & COMMERCIAL WORKERS UNIONS & FOOD EMPLOYERS JOINT PENSION TRUST FUND, et al.,<br>　　　　Defendants. | CASE NO.: 2:15-cv-08180-AB (KSx)<br><br>**STIPULATION TO ENTRY OF AMENDED PROTECTIVE ORDER RE CLASS DISCOVERY; [PROPOSED] AMENDED PROTECTIVE ORDER** |

Plaintiff, Gary M. Romanchuk, and Defendants, the Board of Trustees of the Southern California United Food & Commercial Workers Unions and Food Employers Joint Pension Trust Fund, Southern California United Food & Commercial Workers Unions and Food Employers Joint Benefit Funds Administration, LLC, and Appeals Committee of the Southern California United Food & Commercial Workers Joint Pension Trust Fund, through their attorneys of record, submit this Stipulation to Entry of Amended Protective Order re Class Discovery (and [Proposed] Amended Protective Order), which supersedes and

1

STIPULATED PROTECTIVE ORDER RE CLASS DISCOVERY

*Romanchuk v. Board of Trustees of the Southern California United Food & Commercial Workers Unions and Food Employers Joint Pension Trust Fund*; Case No. 2:15-cv-08180-AB (KSx)

replaces the Stipulated Protective Order Covering Disclosures Not Identifying Plan Participants and Beneficiaries, dated August 1, 2016, ("Pending Protective Order") (Doc 33).

1.   A.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Amended Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items described below that are entitled to confidential treatment under applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this stipulated Amended Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.   <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve sensitive information concerning individual plan participants and beneficiaries, including information described in Fed. R. Civ. Pro. 5.2, financial and health information relating to Non-Parties,, and financial information, as well as financial information relating to the operation of the Southern California United Food and Commercial Workers Unions and Food Employers Joint Pension Trust Fund ("the Plan") for which

special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including financial information relating to the operation of the Plan.

3

STIPULATED PROTECTIVE ORDER RE CLASS DISCOVERY

*Romanchuk v. Board of Trustees of the Southern California United Food & Commercial Workers Unions and Food Employers Joint Pension Trust Fund*; Case No. 2:15-cv-08180-AB (KSx)

2.3 <u>Counsel:</u> Counsel of Record, namely attorneys who have been retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and their support staff.

2.4 <u>Designating Party:</u> a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

2.5 <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>"HIGHLY CONFIDENTIAL" Information or Items:</u> information or items designated as "HIGHLY CONFIDENTIAL" by the producing Party that, regardless of how they are generated, stored, or maintained, would qualify for protection under Fed. R. Civ. Pro. 26(c) because the designating Party has a reasonable and good-faith belief that such information or items contain extremely sensitive information, the disclosure of which beyond the scope of section 7.3 of this Amended Protective Order would cause a substantial risk of injury to the designating Party or another entity or person that cannot be avoided by less restrictive means than those provided in this Order. Highly Confidential Information may fall within one or more of the following categories: (a) information prohibited from disclosure by statute; (b)

4

STIPULATED PROTECTIVE ORDER RE CLASS DISCOVERY

*Romanchuk v. Board of Trustees of the Southern California United Food & Commercial Workers Unions and Food Employers Joint Pension Trust Fund*; Case No. 2:15-cv-08180-AB (KSx)

medical information concerning any individual; (c) information related to disability status concerning any individual; (d) financial information related to any individual; (e) personal privacy information of the type described in Fed. R. Civ. Pro. 5.2, or other extremely sensitive personal information about a Plan participant or beneficiary; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a Party to the case. The preceding list is intended to be illustrative of information or items that may be Highly Confidential Information, and it is not an exhaustive list.

2.8   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   <u>Party</u>: any named party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.10   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

2.13   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only

5

STIPULATED PROTECTIVE ORDER RE CLASS DISCOVERY

*Romanchuk v. Board of Trustees of the Southern California United Food & Commercial Workers Unions and Food Employers Joint Pension Trust Fund*; Case No. 2:15-cv-08180-AB (KSx)

Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for

6
STIPULATED PROTECTIVE ORDER RE CLASS DISCOVERY

*Romanchuk v. Board of Trustees of the Southern California United Food & Commercial Workers Unions and Food Employers Joint Pension Trust Fund*; Case No. 2:15-cv-08180-AB (KSx)

protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material. If

only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). For any files produced in native format, the title of the document shall include the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation to indicate that the entire file contains protected material.

      A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as indicated by the Producing Party before or at the time of inspection. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material, or to the title of the file if it is produced in native format. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      (b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

      (c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent

place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

      5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

      6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      6.1    <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

      6.2    <u>Meet and Confer. The</u> Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

      6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

STIPULATED PROTECTIVE ORDER RE CLASS DISCOVERY

*Romanchuk v. Board of Trustees of the Southern California United Food & Commercial Workers Unions and Food Employers Joint Pension Trust Fund*; Case No. 2:15-cv-08180-AB (KSx)

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this action;

(b) the Receiving Party and any officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this action;

(b) Experts (as defined in this Order) of the Receiving Party to whom

11

STIPULATED PROTECTIVE ORDER RE CLASS DISCOVERY

*Romanchuk v. Board of Trustees of the Southern California United Food & Commercial Workers Unions and Food Employers Joint Pension Trust Fund*; Case No. 2:15-cv-08180-AB (KSx)

disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in this action to whom disclosure is reasonably necessary, if the witness (i) appears on the face of the Protected Material, or is shown through testimony or other evidentiary proof by the Party wishing to make the disclosure, to have prepared, received, or reviewed the Protected Material in the ordinary course of business, not in connection with the action; (ii) is permitted to see the Protected Material by the Designating Party upon request by the Party wishing to make the disclosure, which permission shall not be unreasonably withheld; (iii) is an employee of the Designating Party; (iv) has been designated as a Fed. R. Civ. Pro. 30(b)(6) witness by the Designating Party; (v) is an Expert; but only after such persons have completed the certification contained in "Acknowledgment and Agreement to Be Bound" (Exhibit A). Except for Expert witnesses who have received copies of the Protected Material and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), witnesses shall not retain a copy of documents containing Highly Confidential Information, except that witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Highly

12

STIPULATED PROTECTIVE ORDER RE CLASS DISCOVERY

*Romanchuk v. Board of Trustees of the Southern California United Food & Commercial Workers Unions and Food Employers Joint Pension Trust Fund*; Case No. 2:15-cv-08180-AB (KSx)

Confidential Information pursuant to this Order must be separately bound by the reporter and may not be disclosed to anyone except as permitted under this Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; but only after such persons have completed the certification contained in "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Amended Protective Order. Such notification shall include a copy of this Amended Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated

13

STIPULATED PROTECTIVE ORDER RE CLASS DISCOVERY

*Romanchuk v. Board of Trustees of the Southern California United Food & Commercial Workers Unions and Food Employers Joint Pension Trust Fund*; Case No. 2:15-cv-08180-AB (KSx)

in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of this Amended Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-

Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Amended Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in

Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Amended Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Amended Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order

12.3 <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this action, as defined in paragraph 4, within

60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

14. **VIOLATION OF THIS ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

BRADFORD F. GINDER
HOLLISTER & BRACE,
a Professional Corporation

JOSEPH A. GAROFOLO
GAROFOLO & RAMSDELL, LLP

Dated: July 30, 2025        By: _____/s/_____
                                Joseph A. Garofolo
                                Attorneys for Plaintiff,
                                Gary M. Romanchuk

TRUCKER HUSS,
a Professional Corporation

Dated: July 30, 2025        By: _____/s/_____
                                JOSEPH C. FAUCHER
                                Attorneys for Defendants

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 1, 2025

Honorable Karen L. Stevenson
Chief U.S. Magistrate Judge

18
STIPULATED PROTECTIVE ORDER RE CLASS DISCOVERY

*Romanchuk v. Board of Trustees of the Southern California United Food & Commercial Workers Unions and Food Employers Joint Pension Trust Fund*; Case No. 2:15-cv-08180-AB (KSx)

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Romanchuk v. Board of Trustees of the Southern California United Food & Commerical Workers Joint Pension Trust Fund, et al.*, Case No. 2:15-cv-08180-AB-KS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State: _____

Signature: _____
Printed Name: _____

STIPULATED PROTECTIVE ORDER RE CLASS DISCOVERY

*Romanchuk v. Board of Trustees of the Southern California United Food & Commercial Workers Unions and Food Employers Joint Pension Trust Fund*; Case No. 2:15-cv-08180-AB (KSx)